## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>                  Plaintiff,<br><br>     v.<br><br>CERTPLEX LTD., GLOBAL SIMULATORS LIMITED, CERTIFICATION TRENDZ, LIMITED, ITSOLEXPERT LIMITED, FREETECH SERVICES LIMITED, and JOHN DOES 1-20,<br><br>                  Defendants. | Civil Action No.:  1:15-cv-11747-NMG |

## HARVARD UNIVERSITY'S OPPOSITION
## TO DEFENDANTS' MOTIONS TO DISMISS

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................... 1

II.    BACKGROUND ............................................................................................................ 2

III.   ARGUMENT ................................................................................................................. 3

       A.     Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) ................. 3

       B.     The Federal Copyright Act Does Not Preempt Harvard's State Law Claim
               Because Harvard's State Law Claim Incorporates an Element
               That Is Qualitatively Different from a Copyright Claim ....................................... 3

       C.     The Copyright Act Does Not Preempt Harvard's Chapter 93A Claim
               Because Harvard Alleges An "Extra Element" Not Included
               in Copyright Infringement ..................................................................................... 4

       D.     Harvard's Chapter 93A Claim Is Not Preempted by the Copyright Act Because
               Harvard Alleges That Defendants Engaged in Unfair
               and Deceptive Behavior ......................................................................................... 5

IV.   CONCLUSION ............................................................................................................. 6

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases**                                                            **Page(s)**

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544, 570 (2007) ........................................................................ 3

*Data Gen. Corp. v. Grumman Sys. Support Corp.,*
  36 F.3d 1147, 1164 (1st Cir. 1994) ...................................................... 3, 6

*Langadinos v. Am. Airlines, Inc.,*
  199 F.3d 68, 69 (1st Cir.2000) ................................................................ 3

*Lee v. Mt. Ivy Press, L.P.,*
  63 Mass. App. Ct. 538, 553 (2005) .................................................. 4, 5, 6

*Patricia Kennedy & Co. v. Zam-Cul Enterprises, Inc.,*
  830 F. Supp. 53, 56 (D. Mass. 1993) ............................................... 4, 5, 6

*Real View, LLC v. 20-20 Technologies, Inc.,*
  789 F. Supp. 2d 268, 274 (D. Mass. 2011) .......................................... 5, 6

*Reed Elsevier, Inc. v. Muchnick,*
  559 U.S. 154 (2010) ................................................................................ 3

*Rubin v. Brooks/Cole Pub. Co.,*
  836 F. Supp. 909, 923 (D. Mass. 1993) ........................................... 4, 5, 6

*U.S. ex rel. Estate of Cunningham,*
  713 F.3d at 664 ....................................................................................... 6

## Other Authorities

Copyright Act ................................................................................... passim

Fed. R. Civ. P. 12(b)(6) ........................................................................ 1, 3

M.G.L. c. 93A §§ 1–11 ...................................................................... passim

*Nimmer on Copyright,* § 1.01[B][1][e] ............................................ 4, 5, 6

ii

I.     **INTRODUCTION**

Plaintiff President and Fellows of Harvard College, a/k/a Harvard University, opposes

Defendant Certification Trendz Ltd.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

(Dkt. 7) and Defendants Freetech Services, Ltd., Global Simulators, Ltd. and Certplex, Ltd.'s

Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 10) (collectively, "Defendants'

Motions to Dismiss"), as follows:

This Court should deny Defendants' Motions to Dismiss Harvard's Second Cause of

Action under M.G.L. c. 93A §§ 1–11 because the federal Copyright Act does not preempt

Harvard's Chapter 93A claim.  The allegations that support Harvard's Chapter 93A claim

include "extra elements" that are qualitatively different from the allegations that support the

copyright claim of its First Cause of Action.  Specifically, Harvard alleges that Defendants have

used a number of deceptive techniques to conceal their activities including, but not necessarily

limited to, private registration of their domain names, the use of false identities to register their

domain names, and offshore hosting and payment facilities.  Complaint ¶19.  Harvard's

Complaint also alleges that, in addition to unlawfully copying and reproducing Harvard's

copyrighted content, Defendants have distributed this content to students to unfairly facilitate

cheating on exams for certification under the HBX CORe program offered by Harvard Business

School.  Complaint ¶¶ 16–18.[1]  Moreover, Harvard alleges that defendants used unethical means

to access Harvard's HBX CORe Exams, as the exams would not have been available to

defendants through any ethical means.  Complaint ¶¶ 14–17.

Harvard's allegations of unfair and deceptive conduct stand independent from Harvard's

_____

[1] Harvard Business School is the graduate business school of Harvard University.  The school offers a full time MBA program and other educational programs, including HBX, an interactive online learning initiative.  One of the offered programs is HBX Credential of Readiness ("CORe"), an 8 to 12 week program that teaches the fundamentals of business and results in a credential issued by HBX.  Complaint ¶ 13.

allegations of copyright infringement.  Harvard's Chapter 93A claim is therefore not preempted

by the federal Copyright Act, and this Court should deny Defendants' Motions to Dismiss.  In

the alternative, Harvard requests that this Court grant it leave to file an amended complaint to

clarify its allegations relating to defendants' unfair and deceptive conduct.

## II.   __BACKGROUND__

In the First Cause of Action in its Complaint, Harvard alleges that Defendants committed

copyright infringement in violation of 17 U.S.C. § 501 *et seq.*  The Complaint alleges that

Defendants willfully infringed Harvard's valid copyrights in the HBX CORe Exams by copying,

reproducing, displaying, and distributing infringing copies and by making derivative works or

other infringing use of the CORe Exams in the United States.  Complaint ¶ 24.

Harvard's Second Cause of Action alleges that Defendants have also violated

Massachusetts's False Advertising and Unfair Competition Law, M.G.L. c. 93A §§ 1–11.

Complaint ¶¶ 31-36.  Among the allegations that support Harvard's Chapter 93A claim are that

Defendants have used a number of deceptive techniques to conceal their activities including

private registration of their domain names, the use of false identities to register their domain

names, and offshore hosting and payment facilities.  Complaint ¶ 19.   Harvard also alleges that,

in addition to unlawfully copying and reproducing Harvard's copyrighted content, Defendants

have distributed this content to students to unfairly facilitate cheating on HBX CORe Exams.

Complaint ¶¶ 16–18.  Furthermore, Harvard alleges defendants used unethical means to access

Harvard's copyrighted work.  Complaint ¶¶ 14–17.  Harvard alleges that Defendants' activities

constitute unfair or deceptive acts or practices in Massachusetts within the meaning of M.G.L. c.

93A §§ 2 and 11.  Complaint ¶ 32.

Defendants' Motions to Dismiss Harvard's Chapter 93A claim assert that the 93A claim

is preempted by the federal Copyright Act, and that that Harvard has failed to allege facts beyond those necessary to support a claim for copyright infringement.  These assertions are incorrect.

III.   **ARGUMENT**

Because the allegations that support Harvard's Chapter 93A claim include "extra elements" that are qualitatively different from the allegations that support Harvard's copyright claim, Harvard's Chapter 93A claim is not preempted.  This Court should therefore deny Defendant's Motions.

A.     **Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6).**

Harvard's 93A claim should survive these motions to dismiss because the Complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court must accept as true all of Harvard's factual allegations in the Complaint and must draw all reasonable inferences in Harvard's favor.  *Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir.2000).

B.     **The <u>Federal</u> Copyright Act Does Not Preempt Harvard's State Law Claim Because Harvard's State Law Claim Incorporates an Element That Is Qualitatively Different from a Copyright Claim.**

Section 301(a) of the Copyright Act precludes enforcement of any state cause of action which is equivalent in substance to a federal copyright infringement claim.[2] *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1164 (1st Cir. 1994), abrogated on other grounds by *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).  In assessing the question of equivalence, the First Circuit has held, "[i]f a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state

---

[2] In pertinent part, Section 301(a) provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright ... are governed exclusively by this title. [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State."

3

cause of action is qualitatively different from, and not subsumed within, a copyright

infringement claim and federal law will not preempt the state action." *Id.* (internal citations and

quotations omitted).  In deciding whether a state cause of action is preempted by federal

Copyright Act, "courts focus not upon the label affixed to the state cause of action, but rather

upon what plaintiff seeks to protect, the theories in which the matter is thought to be protected

and the rights sought to be enforced." *Patricia Kennedy & Co. v. Zam-Cul Enterprises, Inc.*, 830

F. Supp. 53, 56 (D. Mass. 1993).

> ### C. The Copyright Act Does Not Preempt Harvard's Chapter 93A Claim Because Harvard Alleges An "Extra Element" Not Included in Copyright Infringement.

M.G.L. c. 93A §§ 2 and 11 prohibit unfair methods of competition and unfair or

deceptive acts or practices in the conduct of trade or commerce.  A Chapter 93A claim based

solely upon impermissible replication of copyrighted material is preempted by the federal

Copyright Act.  *Rubin v. Brooks/Cole Pub. Co.*, 836 F. Supp. 909, 923 (D. Mass. 1993).  In

contrast, when a Chapter 93A claim requires proof of an extra element, such as misrepresentation

or deception, the claim survives preemption.  *Id.* (93A claim involving "extra element" of

deception was qualitatively different from copyright infringement claim, and thus was not

preempted); *see also Lee v. Mt. Ivy Press, L.P.*, 63 Mass. App. Ct. 538, 553 (2005) (93A claims

alleging deception and misrepresentation were qualitatively different from a copyright

infringement claim, and thus were not preempted); *Patricia Kennedy & Co.*, 830 F.Supp. at 57

(93A claim alleging that copyright infringement was accomplished by unfair or deceptive means

was not preempted by the Copyright Act); 1 Melville B. Nimmer & David Nimmer, *Nimmer on

Copyright,* § 1.01[B][1][e], at 1–35 ("crucial to liability under a deceptive trade practices cause

of action is the element of misrepresentation or deception, which is no part of a cause of action

for copyright infringement" and thus, not preempted).

**D.** **Harvard's Chapter 93A Claim Is Not Preempted by the Copyright Act Because Harvard Alleges That Defendants Engaged in Unfair and Deceptive Behavior.**

The Copyright Act does not preempt Harvard's Chapter 93A claim because Harvard alleges that Defendants have engaged in unfair and deceptive behavior. *See Rubin*, 836 F. Supp. at 923; *Lee*, 63 Mass. App. Ct. at 553; *Patricia Kennedy & Co.*, 830 F.Supp. at 57; 1 Nimmer § 1.01[B][1][e], at 1–35. Among the allegations in the Complaint that support Harvard's Chapter 93A claim are that Defendants have used numerous deceptive techniques to conceal their activities including private registration of their domain names, the use of false identities to register their domain names, and offshore hosting and payment facilities. Complaint ¶ 19. Harvard also alleges that, in addition to unlawfully copying and reproducing Harvard's copyrighted content, Defendants have distributed this content to students to facilitate cheating on HBX CORe Exams. Complaint ¶¶ 16–18. Furthermore, Harvard alleges that defendants used unethical means to access Harvard's HBX CORe Exams, as the exams would not have been available to defendants through any ethical means. Complaint ¶¶ 14–17. Massachusetts courts have held that an allegation of the use of unethical means to access a copyrighted work sufficiently sets a Chapter 93A claim apart from copyright to escape preemption. *Real View, LLC v. 20-20 Technologies, Inc.*, 789 F. Supp. 2d 268, 274 (D. Mass. 2011) (allegation that defendant accessed copyrighted work through unethical means included an extra element that made the Chapter 93A claim qualitatively different from a copyright infringement claim); *Patricia Kennedy*, 830 F.Supp. at 57 (Chapter 93A claim based on defendant obtaining the copyrighted material through unethical means survived preemption).

Defendants assert that Harvard's citation to the same allegation paragraphs in both causes of action (Doc. #8 at p. 2 and Doc. #11 at p. 2–3) means that those two causes of action are based on identical facts. That simplistic assertion ignores the merits of each claim and the point that an

allegation may apply to one or the other or both claims.  The mere fact that Harvard's Complaint "realleges and reincorporates"  all previous allegations in both its First and Second Causes of Action does not dictate that its copyright claim and its Chapter 93A claim are based on identical allegations.  *See U.S. ex rel. Estate of Cunningham*, 713 F.3d at 664 ("When faced with a complaint ... in which the counts incorporate by reference all previous allegations and counts, the district court must cull through the allegations, identify the claims, and, as to each claim identified, select the allegations that appear to be germane to the claim.") (internal citations and quotations omitted); *Lee*, 63 Mass. App. Ct. at n. 25 (a preemption challenge calls for a claim-by-claim analysis and an examination of the theories underpinning each claim).

In sum, Harvard's allegations go beyond allegations of "mere reproduction," and stand entirely independent from Harvard's allegations of copyright infringement.  *See Rubin*, 836 F. Supp.  at 923; *Patricia Kennedy & Co.*, 830 F. Supp. at 56; *Lee*, 63 Mass. App. Ct. at 549. Harvard's allegations of Defendants' unfair and deceptive conduct are therefore qualitatively different from its allegations of unauthorized copying of its copyrighted works.  *See Data Gen. Corp.*, 36 F.3d at 1164.  Because Harvard's alleges the "extra elements" of unfair and deceptive conduct, which elements are qualitatively different from the elements of copyright infringement, Harvard's Chapter 93A claim is not preempted by the Copyright Act.  *See Rubin*, 836 F. Supp. at 923; *Lee*, 63 Mass. App. Ct. at 553; *Patricia Kennedy & Co.*, 830 F.Supp. at 57; *Real View, LLC*, 789 F. Supp. 2d at 274; 1 Nimmer § 1.01[B][1][e], at 1–35.

**IV.**     <u>**CONCLUSION**</u>

For these reasons, Harvard respectfully requests that the Court deny Defendants' Motions to Dismiss or, in the alternative, Harvard requests that this Court grant it leave to file an amended complaint to clarify its allegations of Defendants' unfair and deceptive conduct.

Dated:  July 9, 2015                                   Respectfully submitted,


                                                       */s/ John J. Cotter*
                                                       John J. Cotter (BBO # 554524)
                                                       K&L GATES LLP
                                                       State Street Financial Center
                                                       One Lincoln Street
                                                       Boston, Massachusetts 02111-2950
                                                       (617) 261-3100
                                                       John.Cotter@klgates.com

                                                       David A. Bateman
                                                       K&L GATES LLP
                                                       925 Fourth Avenue, Suite 2900
                                                       Seattle, Washington 98104-1158
                                                       (206) 623-7580
                                                       David.Bateman@klgates.com

                                                       *Counsel for Plaintiff Harvard University*

7

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document is being filed with this Court through the CM/ECF system, thereby causing a true copy thereof to be served upon registered counsel of record, and that a true copy is being sent via email to ITSolExpert Limited, on July 9, 2015.

/s/ John J. Cotter
John J. Cotter