United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 15-11747-NMG |
| CERTPLEX, LTD., GLOBAL SIMULATORS, LTD., FREETECH SERVICES, LTD., CERTIFICATION TRENDZ, LTD., ITSOLEXPERT, LTD. and JOHN DOES 1-20, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from allegations that defendants unlawfully accessed, copied and distributed copyrighted contents of plaintiff's examinations to plaintiff's students as study aids.

Pending before the Court are a motion to dismiss the Chapter 93A claim by defendant Certification Trendz, Ltd. ("Certification Trendz") and a motion to dismiss the Chapter 93A claim by defendants Certplex, Ltd. ("Certplex"), Freetech Services, Ltd. ("Freetech Services") and Global Simulators, Ltd. ("Global Simulators"). For the reasons that follow, both motions will be allowed.

## I. Background

Plaintiff President and Fellows of Harvard College ("Harvard") represents Harvard University, the educational institution and Massachusetts not-for-profit corporation that operates Harvard Business School.  Harvard Business School offers, in addition to a full-time Masters of Business Administration ("MBA") program, an "interactive online learning initiative" called HBX.  The HBX curriculum includes a program called HBX Credential of Readiness ("CORe") that teaches fundamental business principles.  Students in the CORe program can obtain the HBX credential after satisfying course requirements and passing the HBX CORe Final Examinations ("the CORe Exams").  Harvard is the registered author and claimant of the copyrighted contents of the CORe Exams.

Defendants Certification Trendz, Certplex, Freetech Services and Global Simulators are limited liability companies organized in the United Kingdom with registered offices in England.

Harvard claims that defendants operate various websites that sell training materials to HBX students designed to help them pass their CORe Exams.  Harvard alleges that defendants accessed and copied the CORe Exams without permission or license and distributed training materials that

>contain exam questions and answers that are either identical or substantially similar to Harvard's copyrighted exam question and answers.

Defendants purportedly concealed their online activities by using techniques such as privately registering their Internet domain names with false identities and using offshore facilities to host and pay for the websites.

Harvard filed a complaint in April, 2015 alleging that those defendants and other defendants 1) willfully infringed its copyrighted material in violation of the federal Copyright Act under 17 U.S.C. §§ 501, et seq., and 2) used unfair or deceptive acts or practices in violation of §§ 2 and 11 of Massachusetts General Law, Chapter 93A ("Chapter 93A").

Certification Trendz filed a motion to dismiss in June, 2015.  Certplex, Freetech Services and Global Simulators filed a motion to dismiss that raised substantially similar arguments shortly thereafter.

## II. Motions to dismiss

### A. Legal standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Exhibits attached to the complaint are properly considered "part of the pleading for all purposes." Fed. R. Civ. P. 10(c).  In considering the merits of

a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011). Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 679.

**B.   Application**

Defendants seek to dismiss the Chapter 93A claim as expressly preempted by the federal Copyright Act.

Section 301(a) of the Copyright Act precludes the enforcement of any state cause of action that is equivalent in substance to a federal copyright infringement claim. 17 U.S.C. § 301(a); see also John G. Danielson, Inc. v. Winchester-Conant Props., Inc., 322 F.3d 26, 44 (1st Cir. 2003). The rights protected under the Copyright Act include the rights of reproduction, preparation of derivative works, distribution, performance and display. 17 U.S.C. § 106. A state law claim will not be preempted by the Copyright Act, however, if that cause of action

> requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display [because] the state cause of

-4-

>action is qualitatively different from, and not subsumed
>within, a copyright infringement claim . . .

Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1164 (1st Cir. 1994) abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010).  Courts use a functional test to assess whether a cause of action includes an extra element. Id.  That analysis focuses on

>what the plaintiff seeks to protect, the theories in
>which the matter is thought to be protected and the
>rights sought to be enforced.

Real View, LLC v. 20-20 Techs., Inc., 789 F. Supp. 2d 268, 273 (D. Mass. 2011).  The fact that

>a cause of action includes elements of awareness, intent
>or commercial misconduct [will not] save the claim from
>preemption where such additional elements merely alter
>the scope of the action and not its nature.

Tingley Sys., Inc. v. CSC Consulting, Inc., 152 F. Supp. 2d 95, 105 (D. Mass. 2001).

Chapter 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." M.G.L. c. 93A § 2.  A Chapter 93A claim must allege a practice that 1) is within the penumbra of some common law, statutory or other established concept of unfairness, 2) is immoral, unethical, oppressive or unscrupulous and 3) causes substantial injury to consumers, competitors or other business entities. Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 243 (1st Cir. 2005).

A Chapter 93A claim that alleges as an extra element some unfair or deceptive act or practice, such as illegally hacking into a database to access copyrighted material or making fraudulent statements and misrepresentations, is not preempted by the Copyright Act. Real View, 789 F. Supp. 2d at 273-74 (holding that the Copyright Act would preempt a Chapter 93A claim alleging that defendant illegally downloaded tutorial videos but not one alleging that defendant illegally hacked a website for the purpose of downloading tutorial videos); Rubin v. Brooks/Cole Pub. Co., 836 F. Supp. 909, 925 (D. Mass. 1993) (finding no preemption of the Chapter 93A claim where defendant misrepresented that it reprinted the copyrighted work with permission or where it falsified letters of permission). See also Patricia Kennedy & Co., Inc. v. Zam-Cul Enters., Inc., 830 F. Supp. 53, 57 (D. Mass. 1993)(concluding that plaintiff's Chapter 93A claim that defendant "disput[ed] the origination of the artwork and thus acquir[ed] the logo without payment for services rendered" survived preemption); Lee v. Mt. Ivy Press, L.P., 63 Mass. App. Ct. 538, 553 (2005)(finding no preemption of the Chapter 93A claim where defendant fraudulently induced the author into signing a publishing agreement and fraudulently induced the co-author into assigning rights to defendant).

Here, Harvard does not present factual assertions that allege an unfair or deceptive act or practice.  The complaint

-6-

states that defendants accessed, copied and distributed the questions and answers from the copyrighted CORe Exams without authorization. A Chapter 93A claim based upon such actions is preempted because the rights that Harvard seeks to protect in that context are substantively equivalent to the rights exclusively protected by the Copyright Act. Harvard cannot use Chapter 93A to "protect copying [that] the Act proscribes [or] punish copying that the Act leaves unregulated." Real View, 789 F. Supp. 2d at 276.

Harvard argues in its opposition that defendants must have used unethical means to access the copyrighted content because that content "would not have been available to defendants through any ethical means." Harvard cites the Real View decision to conclude that those purportedly unethical means qualitatively differentiate its Chapter 93A claim from its federal copyright claim such that the Chapter 93A claim survives preemption. Those arguments are unavailing because 1) Harvard did not raise its factual assertion of unethical means in the complaint and 2) Harvard's allegation is more similar to a claim that defendants illegally obtained copyrighted content than to a claim that defendants illegally hacked into a database in order to obtain copyrighted content, and thus its Chapter 93A claim is one that the Real View court would find preempted. See Real View, 789 F. Supp. 2d at 273-74.

Harvard also alleges that defendants concealed their website-related activities by privately registering their Internet domain names, using false identities during the registration process and using offshore hosting and payment facilities. Harvard summarily concludes, without further elaboration, that those concealment efforts constitute unfair and deceptive acts or practices under Chapter 93A. Harvard, however, does not attempt to claim in its complaint that those concealment activities are immoral, unethical or unscrupulous or that they attain

> an egregious level of rascality that would raise the eyebrow of someone inured to the rough-and-tumble of the world of commerce.

Id., 789 F. Supp. 2d at 276. Merely characterizing defendants' conduct as using "techniques to conceal" falls short of identifying an unfair or deceptive act or practice that would save a Chapter 93A claim from preemption. See Tingley, 152 F. Supp. 2d at 109 ("[L]abeling conduct commercially immoral or, as under chapter 93A, unfair, immoral, unethical or unscrupulous, does not save a chapter 93A claim from preemption.").

Accordingly, the Court will allow the motions of both defendants to dismiss the Chapter 93A claim as preempted by the federal Copyright Act.

## **ORDER**

For the foregoing reasons,

1) the motion to dismiss the Chapter 93A claim by defendant Certification Trendz, Ltd. (Docket No. 7) is **ALLOWED,** and

2) the motion to dismiss the Chapter 93A claim by defendants Certplex, Ltd., Freetech Services, Ltd. and Global Simulators, Ltd. (Docket No. 10) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated November 25, 2015